IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CONTINENTAL CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| | § § | JURY |
| v. | § § | |
| JEFFREY RAMSEY and BENEFITS CONSULTING GROUP, LLC | § § § § | |
| Defendants. | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, Continental Casualty Company ("CCC"), by and through its attorneys, and for its Complaint for Declaratory Judgment seeking a declaration of the rights and obligations of the parties under an insurance policy issued by CCC states as follows:

**THE PARTIES**

1.    Plaintiff CCC is an insurance company organized and existing under the laws of Illinois with a principal place of business in Chicago, Illinois.

2.    Upon information and belief, defendant Jeffrey Ramsey ("Ramsey") is an individual who is a citizen and resident of Texas, residing in Flower Mound, Texas, and is or was conducting business in Texas within this District.

3.    Upon information and belief, defendant Benefits Consulting Group, LLC ("BCG") is a Texas limited liability company with a principal place of business in Bartonville, Texas.  Upon information and belief, BCG is a sole proprietorship and the sole member, Ramsey, is a citizen and resident of Texas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). CCC is a citizen of Illinois with a principal place of business in Illinois. Ramsey is a citizen and resident of Texas. BCG is a Texas limited liability company with a principal place of business in Texas, and upon information and belief all of whose members are citizens and residents of Texas. As such, complete diversity of citizenship exists. The amount in controversy exceeds $75,000 in value exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that all defendants reside in this District, and a substantial portion of the events giving rise to this action took place in this District.

## BACKGROUND FACTS

**A. The CCC Policy**

6. CCC issued to Mercer Financial Services Professional Risk Purchasing Group a Life Agent Professional Liability Policy bearing policy number 287287986 (the "Policy"). (A true and correct copy of the Policy is attached hereto and incorporated herein by reference as Exhibit A.)

7. The Insuring Agreement of the Policy provides in part as follows

PROFESSIONAL LIABILITY

The Insurer shall pay on behalf of the Insureds, excess of the applicable Retention and within the Limits of Liability as stated in the applicable Certificate of Insurance, that Loss which the Insureds become legally obligated to pay resulting from a Claim for a Wrongful Act solely in rendering or failing to render Professional Services provided that:

1. the Wrongful Act giving rise to such Claim occurred on or after the Prior Acts Date; and,

    2.    the Claim is first made against any Insured during the Certificate Period, or any Extended Reporting Period, if applicable, and reported to the Insurer in accordance with Section VII, NOTICE; and

    3.    prior to the date of the Insured's initial enrollment under this Policy, or under any other policy issued by the Insurer (or its affiliated insurers) of which this Policy is a renewal (whether successive or not) or replacement, whichever is earlier, no Insured knew of, or could have reasonably foreseen that any such Wrongful Act could result in a Claim; and

    4.    no Insured gave notice under any Prior Policy of any such Wrongful Act or any Interrelated Wrongful Acts; and

    5.    there is no other policy issued by the Insurer, or any affiliate of such Insurer, that provides coverage for such Claim.

(Ex. A, at CCC 0003.)

8.    Ramsey was enrolled for coverage under the Policy for the Certificate Period of April 1, 2014 to April 1, 2015.

9.    The Policy defines Insured to include any business entity owned or controlled by Ramsey with respect to liability of such entity arising out of Professional Services rendered by Ramsey. Upon information and belief, Ramsey owns and/or controls BCG.

**B.**    <u>**The Underlying Action**</u>

10.    On or about October 30, 2015, an action was commenced against Ramsey, BCG and other defendants entitled *Thomas E. Perez, Secretary of Labor, United States Department of Labor v. Chimes District of Columbia, Inc., et al.*, Case No. 15-cv-03315 in the United States District Court, District of Maryland (the "Underlying Action"). (A copy of the complaint in the Underlying Action is annexed hereto and incorporated herein by reference as Exhibit B.)

11.    The Secretary of the Department of Labor (the "DOL") commenced the Underlying Action under ERISA in connection with a health and welfare plan known as the

Chimes D.C. Health & Welfare Plan (the "Plan"). Defendants in the Underlying Action were allegedly fiduciaries and/or service providers to the Plan. The DOL alleged, among other things, that the defendants, including Ramsey and BCG, overcharged the Plan for services provided and gave kickbacks or bribes to the Plan fiduciaries in order to be selected as service providers.

  **C.**  **The Tender of the Underlying Action to CCC**

  12.  Ramsey tendered the Underlying Action to CCC and sought insurance coverage from CCC under the Policy for the Underlying Action.

  13.  CCC has reserved its rights with respect to coverage for Ramsey and BCG in connection with the Underlying Action and has agreed to provide a defense to Ramsey and BCG in the Underlying Action, subject to such reservation of rights, including the right to seek a judicial determination that no coverage exists for the Underlying Action under the Policy.

  14.  An actual case or controversy exists between the parties as to the coverage available under the Policy in connection with the Underlying Action.

**COUNT I**
**(Declaratory Relief)**

  15.  CCC repeats and realleges each and every allegation contained in paragraphs 1 through 14 hereof as if specifically asserted herein.

  16.  The Policy defines Claim as:

> Claim means:
> A. a written demand for monetary damages; or
> B. a civil adjudicatory or arbitration proceeding for monetary damages,
> against an Insured for a Wrongful Act, including any appeal thereof, brought by or on behalf of or for the benefit of any Client.

(Ex. A at CCC 0005.)

17. The Policy defines Wrongful Act as "any negligent act, error or omission of, or Personal Injury caused by, the Insureds in rendering or failing to render Professional Services." (Ex. A at CCC 0008.)

18. The Underlying Action does not involve any "Wrongful Acts" as that term is defined in the Policy.

19. The Underlying Action is not a Claim as defined in the Policy.

20. Based on the foregoing, CCC is entitled to a declaration that CCC is not obligated to defend Ramsey and BCG in the Underlying Action or to pay any Loss, as defined in the Policy, on behalf of Ramsey and BCG in the Underlying Action.

## COUNT II
### (Declaratory Relief)

21. CCC repeats and realleges each and every allegation contained in paragraphs 1 through 20 hereof as if specifically asserted herein.

22. Section XVI.B of the Policy provides in part as follows:

> The Insurer shall not be liable to pay any Loss in connection with any Claim:
>
> B. Claims by Specified Persons or Entities
>
> 5. any governmental or quasi-governmental official or agency, including but not limited to any state or federal securities or insurance commission or agency, in any capacity;
>
> * * *
>
> provided, however, that paragraphs 5. and 6. above shall not apply to any Claim by an official of such agency or organization if such official is bringing the Claim in his or her capacity as a direct Client of an Insured and not as an official of such agency or organization;

(Ex. A at CCC 0013-14.)

23. The plaintiffs in the Underlying Action are a governmental official and/or a governmental agency.

24. The plaintiffs in the Underlying Action were not direct Clients of Ramsey or BCG.

25. The plaintiffs in the Underlying Action are not bringing the Underlying Action in their capacity as direct Clients of Ramsey or BCG.

26. Exclusion B.5 precludes coverage for Ramsey and BCG for the Underlying Action.

27. Based on the foregoing, CCC is entitled to a declaration that CCC is not obligated to defend Ramsey and BCG in connection with the Underlying Action or to pay any Loss, as defined in the Policy, on behalf of Ramsey and BCG in connection with the Underlying Action.

## COUNT III
### (Declaratory Relief)

28. CCC repeats and realleges each and every allegation contained in paragraphs 1 through 27 hereof as if specifically asserted herein.

29. Section XVI.H of the Policy provides in part as follows:

> The Insurer shall not be liable to pay any Loss in connection with any Claim:
>
> based upon, directly or indirectly arising out of, or in any way involving:
>
> > * * *
> > 2. any actual or alleged profit, remuneration or pecuniary advantage gained by any Insured, to which the Insured was not legally entitled;
>
> as determined by a final adjudication in the underlying action or in a separate action or proceeding.

(Ex. A at CCC 0015.)

30. Plaintiff in the Underlying Action alleges that Ramsey and BCG were improperly paid fees to which they were not entitled and seeks to recover all fees paid to Ramsey and BCG.

31. In the event that Ramsey and BCG received any profit, remuneration or pecuniary advantage to which they were not legally entitled, CCC is entitled to a declaration that it has no duty to indemnify Ramsey and BCG for any such amounts.

## COUNT IV
### (Declaratory Relief)

32. CCC repeats and realleges each and every allegation contained in paragraphs 1 through 31 hereof as if specifically asserted herein.

33. Section XVI.G of the Policy provides in part as follows:

> The Insurer shall not be liable to pay any Loss in connection with any Claim:
>
> based upon, directly or indirectly arising out of, or in any way involving:
>
> * * *
> 2. a dispute over fees, commissions or charges, including without limitation the structure of fees or excessive fees; however, this paragraph 2. shall not apply to surrender charges.

(Ex. A at CCC 0015.)

34. The Underlying Action is a dispute over fees, commissions or charges paid to Ramsey and BCG.

35. CCC is entitled to a declaration that it has no duty to defend or indemnify, or to pay any Loss on behalf of, Ramsey and BCG in the Underlying Action pursuant to Section XVI.G of the Policy.

## COUNT V
### (Declaratory Relief)

36. CCC repeats and realleges each and every allegation contained in paragraphs 1 through 35 hereof as if specifically asserted herein.

37. The Policy defines Loss in part as follows:

> Loss means monetary settlements or monetary judgments (including any award of pre-judgment and post-judgment interest) and Defense Costs for which the Insured is legally obligated to pay on account of a covered Claim.
>
> However, Loss shall not include:
> * * *
> E.  the return of commissions, fees or charges for services rendered by an Insured.

(Ex. A at CCC 0006.)

38. Plaintiff in the Underlying Action seeks to recover all fees paid to Ramsey and BCG.

39. The amounts sought to be recovered by plaintiff in the Underlying Action as against Ramsey and BCG are not Loss as defined in the Policy.

40. CCC is entitled to a declaration that it has no obligation to pay any amounts on behalf of Ramsey and BCG in the Underlying Action that are not within the definition of Loss, including but not limited to the return of any fees, commissions or charges for services rendered by Ramsey or BCG.

## COUNT VI
### (Declaratory Relief)

41. CCC repeats and realleges each and every allegation contained in paragraphs 1 through 40 hereof as if specifically asserted herein.

42. The Insuring Agreement of the Policy only potentially provides coverage for a Claim provided that, among other things, "the Wrongful Act giving rise to such Claim occurred on or after the Prior Acts Date."

43. The term Prior Acts Date is defined (as amended by Endorsement 4) as:

> the date the Insured became continuously insured without interruption under any claims made professional liability policy (subject to written proof of such coverage at the time the Insured gives written notice to the Insurer of a Claim under this Master Policy).

44. The complaint in the Underlying Action alleges acts that occurred before the Prior Acts Date of Ramsey and BCG.

45. To the extent that any of the acts alleged in the Underlying Action are Wrongful Acts as defined in the Policy, no coverage exists under the Policy for any Loss resulting from any Wrongful Acts that occurred before Ramsey's and BCG's Prior Acts Date.

46. Based on the foregoing, CCC is entitled to a declaration that CCC is not obligated to pay any Loss, as defined in the Policy, on behalf of Ramsey and BCG in connection with the Underlying Action resulting from any Wrongful Acts that occurred before the Prior Acts Date.

**WHEREFORE,** CCC demands judgment as follows:

A. declaring that CCC has no obligation to defend Ramsey and BCG in the Underlying Action; and

B. declaring that CCC has no obligation to indemnify Ramsey and BCG in the Underlying Action;

C. declaring that CCC has no obligation to pay any amounts that are not within the definition of Loss under the Policy;

D. declaring that CCC has no obligation to pay any Loss resulting from Wrongful Acts that occurred before the Prior Acts Date; and

E. granting such other, further and different relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Continental Casualty Company hereby demands a jury trial on all issues triable before a jury.

Dated: February 17, 2016

    Respectfully submitted,

    ROPERS, MAJESKI, KOHN & BENTLEY

By:  /s/ Andrew L. Margulis
    Andrew L. Margulis
    NY State Bar No.: 2275584
    750 Third Avenue, 25th Floor
    New York, New York   10017
    Tel. (212) 668-5927
    Fax: (212) 668-5929

andrew.margulis@rmkb.com

**Attorneys for Plaintiff**

OF COUNSEL:
LAW OFFICES OF BRIAN J. JUDIS
Eric W. Hynes
State Bar No.: 24010107
700 North Pearl Street #425
Dallas, TX 75201
Tel: (214) 220-5607
Email: eric.hynes@cna.com